Good morning, sir. Good morning, your honors. May it please this honorable court, my name is Todd Russell Perkins, appearing on behalf of Ms. Wilnita Smith, and I am the appellant today. May I? I'd like to reserve any time for rebuttal. Your honor, I would ask to reserve five minutes for rebuttal, if necessary. May proceed. Thank you. Again, may it please the court. As this court recognizes this is a matter that arises before your honors as a result of a conviction at trial, after that conviction at trial, there's information that became known, not only to my client, but I believe to the extent that the prosecution, I believe the prosecution's position, and I always proceed in this matter in looking at how the prosecution has postured themselves in this direct appeal, in that there's not a sufficient record that's been made for the purposes of proceeding today and asking for relief. I beg to differ in this regard. One, I believe that Judge Borman erred in not using or exercising discretion when I believe it was so clear as to what happened in this case, during, immediately prior to trial, my client was made one final offer, and that one final offer was never conveyed to my client. Do we know that that, in fact, was made? We do. What we do know, and it was communicated through brother counsel, actually did indicate that that was, in fact, made. And I believe, see, what you don't have the benefit of is... What did defense counsel say about it? That is... You don't have anything. So that's why ordinarily these go back to collateral review, right? Understood. Understood. Wouldn't he have a, ought to have a chance to say what was conveyed to him and what he said to your client? Correct. If you were the counsel, you'd want to do that, right? Absolutely. And the gravamen, what I'm here for now, is we were seeking an opportunity to have that done before she was sentenced, because to the extent that some of these things, because it's not only just... That's not the way it works procedurally. It isn't. I mean, she has to be sentenced in order for... I mean, the statute, although 2255 is regularly used to challenge convictions, the statute's actually phrased in terms of attacking the sentence. So I mean, procedurally, how do you get where you're trying to go? I mean, I don't know of any way, if the record's insufficient for you to establish what happened, I don't know of any way to short circuit the 2255 process. May I, Your Honor? And in that regard, what we have is, I think, MUNOZ, or M-U-N-O-Z, it's a Sixth Circuit case in which the district court used his discretion in that matter in order to hear about the claims of prior to sentencing under a delayed application. Because what we do have here is a young lady who, there's a clear... Not only is she making a claim of ineffective assistance of counsel, but there's a conflict of interest there encompassed with the fact that this information ultimately not only was revealed through a tape recording or through a recording of some kind presented to me by my client, but also from a former employee of the attorney. Again, Your Honor, that is an element which you're saying, and I believe an evidentiary hearing must take place. But under MUNOZ, that was allowed to occur, and it's an element of discretion. And what I'm saying is that, to that extent, I don't believe that, well, I guess MUNOZ in a way did short circuit the 2255, but it made it more efficient as it looked at, as I look at it, or I would hope this court would look at it. Well, if the district court has discretion, it's already decided not to exercise it to have an evidentiary hearing. So are you complaining that the district court abused its discretion? Well, tacitly... That doesn't seem to be the nature of your argument. But as the arguments unfold, and granted, as I have communicated extensively with my client, who's actually taken it upon herself to file on her own in this matter, which is some people would say, well, Perkins, why would you take a direct appeal when your claims, most of your claims are circled around, there are some constitutional issues, but the fact that they weren't presented, they find their origin in an effective assistance of counsel claim. But again, the opportunity to be before your honors to the extent that as this argument has developed, even after the filings, just from the arguments, and I'm presenting arguments from my client to that extent, that I believe that I would behoove this process and behoove the interest of my client to make that argument that the court should have... I don't find anything in your brief concerning any failure on the part of the district court. Correct. It is not. And this is something that has come up from having discussed with my client. I believe, and again, I believe that she will have her day in court as it relates to an evidentiary hearing. But again, we've sought to seek the initial relief or review of your honors as it relates to the claims that we've made. Did you cite this Munoz case in your brief? I believe... Maybe I'm calling it by the wrong name. I'm sorry. What transpired was that it was cited in a brief that was filed by my client. And I'm really making argument from that brief that my client filed in the district court, which is, doesn't that have jurisdiction now, right now, while this court has it? I didn't think that I'd seen it in your brief. No, you didn't. This is not the kind of clear case of wherein ineffective assistance of counsel claim is presented where the issue is so straightforward and clearly presented that we, as a matter of efficiency and the discretion of the court, we would rule upon it on appeal. Here there are all kinds of allegations about the trial attorney's performance. Your client filed allegations pro se on her own against her trial attorney. You filed a separate statement, and actually all the statements should have been filed by you, and then subsequently your client filed a motion accusing you of some sort of malpractice and ineffective assistance. Then you filed something saying, well, it's all a misunderstanding. The whole process is just very, very unclear here. So obviously this is a matter we would leave for the district court to look at pursuant to a habeas petition. But if we take away, if we don't take up the matter of the ineffective assistance of counsel, what's left of the appeal? Is there anything else to be addressed? There was another issue in which you claimed that there was plain error in connection with the admission of evidence from your client's cell phone records. But that issue doesn't appear to be well taken because it's not just a failure of the attorney to object, and therefore we look at it on plain error. It's that there's nothing in the record for us to review in connection with that issue that's been submitted on appeal. So it would seem that there's nothing really for us to look at in connection with that issue. So if we don't take up the matter of ineffective assistance of counsel, is there really anything left of this appeal? May I, Your Honor? Yes, please. And the court's correct. One of the things that I think Mr. Weigott wrote to court and indicated that under the 12B6 it was not presented during the trial phase or pretrial phase in that matter. That again ties itself back into, again, the ineffective assistance of counsel claim. So to that end, but again, having the, as the court recognizes, some of the exchange between myself and my client or perhaps her feelings that a lack of exchange between the feelings of my client or not having been expressed which caused her or prompted her to file on her own. But again, what you see is an urgency by Ms. Smith to have her matters heard in a manner that would find her in a reduced period of incarceration or released completely to the extent she would find some success in those matters. But the court's correct there, but I believe that the only way that I do get to the 12B6 motions is through, my time is up, is through an ineffective assistance counsel claim being supported. Thank you. All right. Thank you very much. We'll hear from the government if there are arguments to be presented on that side. Thank you, Your Honor. Good morning, Your Honors. May it please the court. My name is Tara Weigott. I represent the government in this case. Judge Clay, the answer to your question is no. There's nothing left of the appeal if the court doesn't consider the 2255 or the constitutional issue with regard to the cell phone. I'll keep this short because I think it's a rather straightforward issue. There's one overarching flaw in the defense argument, and that is that there's no record. There's no record for this court to fully evaluate the claims of ineffective assistance of counsel. This case should be brought via 2255 where an evidentiary hearing can be held and her claims can be vetted. As it relates to the claims of the ineffective, as it relates to the search of the cell phone, there was no record at the district court from which this court could evaluate whether there was an unconstitutional search or not. It was taken four months after the jury verdict, and Judge Borman was proper in striking it and not hearing the motion. I have nothing further to add unless this court has any questions for the government. No. Thank you very much, and thank you for your arguments. If counsel would remain at council table for a few minutes, that would be appreciated. You may have a seat. There is a procedure under our court rules by which if the panel is unanimous and there's no reason for delay, an appeal may be ruled upon pursuant to Rule 36, and Judge Gibbons will provide you with the court's ruling. As Judge Clay has indicated, the panel does feel this is an appropriate case for disposition under Rule 36. A reasoned written opinion would not serve any useful purpose here. The appellant seeks to raise two issues here, one an ineffective assistance of counsel claim and the other a claim that the search of her cell phone violated her constitutional rights. With respect to the ineffective assistance of counsel claim, the record is not sufficiently developed to allow resolution of any such claim, and therefore, we will not consider it on direct appeal. As far as the search of the cell phone goes, that issue was not raised in the district court, therefore, there's no record with respect to that issue either, and that issue is simply not properly before us today. For those reasons, the judgment of the district court is affirmed. Thank you, Judge Gibbons. If you would like a record of these proceedings, you can obtain that from the clerk's office, and there will be an order forthcoming confirming the court's ruling. Thank you. You may call the next case.